■ In the Matter of ANDRE P., a Person Alleged to be a Juvenile Delinquent, Appellant. [731 NYS2d 664] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Suffolk County (Simeone, J.), entered May 1, 2000, which, upon a fact-finding order of the same court, dated April 13, 2000, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crime of rape in the first degree, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for three years and in confinement in a secure facility for one year. The appeal brings up for review the fact-finding order dated April 13, 2000.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the Presentment Agency (*see, Matter of Joan P.,* 245 AD2d 381; *cf., People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the determination that the appellant committed acts which, if committed by an adult, would constitute the

crime of rape in the first degree (*see,* Penal Law § 130.35). The resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witness (*see, People v Gaimari,* 176 NY 84, 94). Its determination must be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*see,* CPL 470.15 [5]).

The appellant's remaining contentions are without merit. Ritter, J. P., Goldstein, Florio and Townes, JJ., concur.